# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY JEVON BARNES<br>    ID # 28916-064,<br>        Petitioner, | )<br>)<br>) | |
| vs. | ) | No. 3:16-CV-2720-N-BH |
| | ) | |
| D.J. HARMON, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

## I. BACKGROUND

Jeremy Jevon Barnes (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), challenges the calculation of credit to his federal sentence by the Bureau of Prisons (BOP) under 28 U.S.C. § 2241. The respondent is D.J. Harmon, the Warden of FCI-Seagoville.

Petitioner was charged in Cause Number 5:14-CR-101 in the United States District Court for the Western District of Oklahoma with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 22, 2014, he was released and placed on home confinement pending trial. (*See* doc. 11-1 at 4-7.) On August 21, 2014, his home confinement condition of pretrial release was modified and he was placed on a curfew from 8:00 p.m. to 6:00 a.m. (*See id.* at 9.) He was convicted, and on February 9, 2015, he was sentenced to 65 months' imprisonment. (*See id.* at 10-11.)

Petitioner contends that he should have been given pretrial credit on his sentence for the time

he was on home confinement. Respondent filed a response[1] (doc. 10), and Petitioner filed a reply (doc. 15).

## II.  PRETRIAL CREDIT FOR HOME CONFINEMENT

Petitioner asserts that he should be awarded pretrial credit for the time he was under home confinement pending trial. Under 18 U.S.C. § 3585, a federal criminal defendant is entitled to sentence credit for time spent in official detention prior to trial. *See Siebert v. Chandler*, 571 F. App'x 328, 328-29 (5th Cir. 2014). A defendant who is under home confinement is not in official detention and is not entitled to pretrial credit on a federal sentence for time spent in home confinement. *See id.* (citing *Reno v. Koray*, 515 U.S. 50 (1995)). Petitioner's claim lacks merit.

## III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 2nd day of October, 2017.

  _____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent asserts that Petitioner did not fully exhaust his administrative remedies. Notwithstanding the failure to exhaust, courts may deny a § 2241 habeas petition on the merits. *See Kaemmerling v. Berkebile*, No. 3:08-CV-714, 2008 WL 4809426 at *1 (N.D. Tex. Nov. 4, 2008); *Nichols v. Joslin*, No. 3:04-CV-59, 2005 WL 1017833 at *2 (N.D. Tex. Mar. 25, 2005), *rec. adopted*, 2005 WL 1017844 (N.D. Tex. Apr. 28, 2005). In this case, the administration of justice would be better served by bypassing the exhaustion issue and reaching the merits of the claim.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE